IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CODY SIMPSON, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. PX 17-2532 |
| PURE TECHNOLOGIES U.S., INC., | * | |
| Defendant. | * | |

******

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Plaintiff CODY SIMPSON ("Simpson") and Defendant PURE TECHNOLOGIES, U.S., INC.'s ("Pure Technologies") Joint Motion for Judgment. ECF No. 20. Simpson has accepted Pure Technologies' Offer of Judgment pursuant to Federal Rule Civil Procedure 68, and the parties request that this Court approve and enter the judgment. For the reasons that follow, the Court requires additional information before ruling on this motion.

**I.  BACKGROUND**

Simpson is a former employee of Pure Technologies. ECF No. 1 at ¶ 9. On August 31, 2017, Simpson and co-Plaintiffs Nicholas Redding and Brian Miles (collectively "Plaintiffs"), filed a complaint on behalf of themselves and those similarly situated, alleging that Pure Technologies improperly classified Plaintiffs as salaried employees and failed to pay them overtime wages in violation of the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"). *Id.* at ¶¶ 65–68, 80, 84–85. Pure Technologies filed an answer on September 29, 2017, denying the allegations in the Complaint. ECF No. 4.

1

On October 30, 2017, Plaintiffs moved to conditionally certify a class of similarly-situated Pure Technologies employees under the FLSA's collective action provision, 29 U.S.C. § 216(b). *See* ECF Nos. 11 & 11-1. On November 7, 2017, a telephone conference was held in which the Court determined that limited discovery was necessary before Defendant Pure Technologies would respond to Plaintiffs' Motion. ECF Nos. 14 & 15. Shortly thereafter, Pure Technologies sent Plaintiffs' counsel an Offer of Judgment for each respective Plaintiff. ECF No. 20-1 at 2. Simpson's Offer of Judgment was based on Pure Technologies' records, which showed that during the relevant time period of recovery (September 1, 2014 to September 30, 2016), Simpson worked 1,0009.3 overtime hours, equaling $27,932.64 in back wages and liquidated damages. ECF No. 20-1 at 3. Pure Technologies also proffered an additional, to-be-determined sum to cover reasonable attorneys' fees. ECF No. 20-1 at 3. On December 4, 2017, Simpson's counsel informed Pure Technologies that Simpson would accept the Offer of Judgment. Accordingly, Simpson was not deposed, and his case has not been included in Pure Technologies' opposition to Plaintiffs' pending motion to conditionally certify a "similarly-situated" class under the FLSA. *Id.*; *see also* ECF No. 18. On March 22, 2018, the parties filed the pending Joint Motion, seeking Court approval of Pure Technologies' Offer of Judgment. ECF No. 20.

## II.   DISCUSSION

Because Congress enacted the FLSA to shield workers from substandard wages and working conditions arising from their unequal bargaining power as compared to their employers, the FLSA's requirements generally cannot be modified, waived, or bargained away by contract or settlement. *See Brooklyn Saw Bank v. O'Neil*, 324 U.S. 697, 706 (1945). However, Court-approved settlement is an exception to this rule where "the settlement reflects a 'reasonable

compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.' " *Saman v. LBDP, Inc.*, DKLC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Acevado v. Phoenix Preservation Grp., Inc.*, No. PJM-13-3726, 2015 WL 60041500, at *4 (D. Md. Oct. 8, 2015).

In reviewing FLSA settlements for approval, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in Lynn's Food Stores." *Beam v. Dillon's Bus Serv. Inc.*, No. DKC 14-3838, 2015 WL 4065036, at *3 (D. Md. July 1, 2015) (citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010)); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). More particularly, the settlement must reflect a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Beam*, 2015 WL 4065036, at *3 (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982)). The court considers (1) whether FLSA issues are actually in dispute; (2) the fairness and reasonableness of the settlement, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.* The Court addresses each factor in turn.

### III. ANALYSIS

   *a.   Bona Fide Dispute*

In determining whether a bona fide dispute exists as to the defendant's liability, the court examines the pleadings in the case and the representations in the proposed settlement agreement. *See Johnson v. Heartland Dental, LLC*, No. PJM-16-2154, 2017 WL 2266768, at *2 (D. Md. May 23, 2017); *see also Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-CV-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009). "A bona fide dispute exists when an employee

makes a claim that he or she is entitled to overtime payment. To settle such a dispute, there must be a resolution of the number of hours worked or the amount due." *Lamascolo*, 2009 WL 3094955, at *16.

Here, Simpson alleged in the Complaint that from August 2014 through November 2016, Defendant misclassified him as a salaried employee and improperly denied him overtime compensation. ECF No. 1 at ¶¶ 68, 73, 83–84, 90)). Pure Technologies, on the other hand, maintains that all Plaintiffs were "exempt" employees under the FLSA and the MWHL, and therefore not entitled to overtime wages. *See* ECF Nos. 4 & 20-1. Accordingly, a bona fide dispute exists as to whether Simpson is a covered employee, implicating Pure Technologies' FLSA liability. *Lamascolo*, 2009 WL 3094955, at *16; *see also* ECF No. 20-1 at 5–6.

### b. *Fairness and Reasonableness of the Settlement*

Courts evaluate the fairness and reasonableness of a settlement based on six factors: (1) the extent of discovery undertaken; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation, (3) the absence of fraud or collusion in the settlement; (4) the experience of plaintiff's counsel; (5) the opinions of counsel; and (6) the probability of the plaintiff's success on the merits, and the amount of settlement contrasted with the potential recovery. *Acevado*, 2015 WL 6004150, at *5; *see also Lamascolo*, 2009 WL 3094955, at *10.

All factors support entry of the Offer of Judgment in this case. First, the extent of discovery helps guide the Court's determination of reasonableness because discovery "ordinarily assures sufficient development of the facts to permit a reasonable judgment on the possible merits of the case." *Fin v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). However, where plaintiff "has had sufficient opportunity to evaluate the viability of claims and the potential range

of recovery," settlement before the commencement of formal discovery is permitted. *Johnson*, 2017 WL 2266768, at *3 (citing *Saman*, 2013 WL 2949047, at *4). Although formal discovery on Simpson's claims has not begun, Pure Technologies produced Simpson's work records for his review, and these records undergird the Offer of Judgment. ECF No. 20-1 at 6. Simpson, therefore, was accorded the opportunity to evaluate the "viability of [his] claims and [his] potential range of recovery." *Johnson*, 2017 WL 2266768, at *3; *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 409 (D. Md. 2014) (finding the factor met by exchange of information regarding the plaintiff's schedule, and noting that "[b]y avoiding formal discovery, resources that otherwise would have been consumed by the litigation was made available for settlement, and the risk and uncertainties for both parties were reduced.").

The remaining factors also support the Offer of Judgment. The issues presented by Simpson's claim are relatively straightforward, and his counsel has considerable experience in employment claims. ECF No. 20-1 at 7. The parties engaged in informed, arms-length negotiations before entering into the proposed settlement, and there is no evidence of fraud or collusion. *Id.*; *see also Lamscolo*, 2009 WL 3094955, at *12 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."). Importantly, Simpson's settlement will not affect the rights of the remaining named Plaintiffs or those of potential class-plaintiffs. *Id.* Finally, because the Offer of Judgment compensates Simpson for *all* overtime hours logged in Pure Technologies' company records between September 2014 and September 2016, and also accounts for liquidated damages and attorney's fees, Simpson is effectively receiving a substantially similar recovery to that he could achieve after trial. *See* ECF No. 20-1 at 6–7. In sum, the factors support the Offer of Judgment as fair and reasonable.

5

c. *Reasonableness of Attorneys' Fees*

The FLSA provides that "in addition to any judgment awarded to the plaintiff or plaintiffs," the Court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Contrary to the parties' representations in their joint memorandum, courts in this district assess independently the reasonableness of requested fees even where the parties agree to a fee and represent that the fee was negotiated without regard to plaintiff's settlement amount. *See* ECF No. 20-1 at 7–8; *Kianpour v. Restaurant Zone, Inc.*, No. DKC-11-0802, 2011 WL 5375082, at *3–*5 (D. Md. Nov. 4, 2011) ("[I]t would make little sense to require the amount of the fees awarded to be reasonable where the plaintiffs prevail on the merits, but to abandon that requirement altogether where the parties agree to settle the case."); *see also Amrhein v. Regency Mgmt. Serv., LLC*, 2013 WL 1809608, at *1 (D. Md. May 6, 2014); *Saman,* 2013 WL 2949047, at *6–*7; *accord Grissom v. The Mills Corp.*, 549 F.3d 313, 322–23 (4th. Cir. 2008). The Court typically measures the reasonableness of attorneys' fees by the lodestar method. *Johnson*, 2017 WL 2266768, at *4.

The parties seek $10,000 in attorney's fees and costs, but have not provided any documentation supporting this figure. *See* ECF No. 20. Because the Court does not have sufficient information to review the reasonableness of the requested attorney's fees, the Court will order the parties to submit supporting documentation within fourteen days of this opinion and order. *Gionfriddo v. Jason Zink, LLC*, No. RDB-09-1733, 2011 WL 2791136, at *3 (D. Md. Jul. 15, 2011) (citing Loc. R. App. B(1)(d)).

## IV. CONCLUSION

Based on the foregoing, it is this 18th day of April, 2018, by the United States District Court for the District of Maryland, ORDERED:

1. Within fourteen (14) days of the entry of this Memorandum Opinion and Order, the parties SHALL supplement the motion with documentation supporting the requested award of $10,000 attorney's fees to Plaintiff CODY SIMPSON's counsel; and

2. The Clerk SHALL TRANSMIT copies of this Order to the parties.

 04/18/2018                                                                /s/
Date                                                            Paula Xinis
                                                                United States District Judge