IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CODY SIMPSON, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. PX 17-2532 |
| PURE TECHNOLOGIES U.S., INC., | * | |
| Defendant. | * | |

******

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Plaintiff CODY SIMPSON ("Simpson") and Defendant PURE TECHNOLOGIES, U.S., INC.'s ("Pure Technologies") Joint Motion for Judgment. ECF No. 20. Simpson has accepted Pure Technologies' Offer of Judgment pursuant to Federal Rule Civil Procedure 68, and the parties request that this Court approve and enter the judgment. For the reasons that follow, the Court GRANTS the motion.

**I. BACKGROUND**

Simpson is a former employee of Pure Technologies. ECF No. 1 at ¶ 9. On August 31, 2017, Simpson and co-Plaintiffs Nicholas Redding and Brian Miles (collectively "Plaintiffs"), filed a complaint on behalf of themselves and those similarly situated, alleging that Pure Technologies improperly classified Plaintiffs as salaried employees and failed to pay them overtime wages in violation of the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"). *Id.* at ¶¶ 65–68, 80, 84–85. Pure Technologies filed an answer on September 29, 2017, denying the allegations in the Complaint. ECF No. 4.

1

On October 30, 2017, Plaintiffs moved to conditionally certify a class of similarly-situated Pure Technologies employees under the FLSA's collective action provision, 29 U.S.C. § 216(b). *See* ECF Nos. 11 & 11-1. On November 7, 2017, a telephone conference was held in which the Court determined that limited discovery was necessary before Defendant Pure Technologies would respond to Plaintiffs' Motion. ECF Nos. 14 & 15. Shortly thereafter, Pure Technologies sent Plaintiffs' counsel an Offer of Judgment for each respective Plaintiff. ECF No. 20-1 at 2. Simpson's Offer of Judgment was based on Pure Technologies' records, which showed that during the relevant time period of recovery (September 1, 2014 to September 30, 2016), Simpson worked 1,009.3 overtime hours, equaling $27,932.64 in back wages and liquidated damages. ECF No. 20-1 at 3. Pure Technologies also proffered an additional, to-be-determined sum to cover reasonable attorneys' fees. ECF No. 20-1 at 3. On December 4, 2017, Simpson's counsel informed Pure Technologies that Simpson would accept the Offer of Judgment. Accordingly, Simpson was not deposed, and his case has not been included in Pure Technologies' opposition to Plaintiffs' pending motion to conditionally certify a "similarly-situated" class under the FLSA. *Id.*; *see also* ECF No. 18.

On March 22, 2018, the parties filed the pending Joint Motion, seeking Court approval of Pure Technologies' Offer of Judgment. ECF No. 20. On April 18, the Court entered a Memorandum Opinion and Order, finding that (1) FLSA issues were actually in dispute, such that settlement was appropriate; and (2) the Offer of Judgment was fair and reasonable. *See* ECF No. 21; *Beam v. Dillon's Bus Serv. Inc.*, No. DKC 14-3838, 2015 WL 4065036, at *3 (D. Md. July 1, 2015). The Court then ordered the parties to submit supplemental briefing supporting the requested award of attorneys' fees, to which the parties responded on May 2, 2018. ECF Nos. 21 & 22.

## II. ANALYSIS

The FLSA provides that "in addition to any judgment awarded to the plaintiff or plaintiffs," the Court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Courts in this district independently assess the reasonableness of requested fees, even where the parties agree to a fee and represent that the fee was negotiated without regard to plaintiff's settlement amount. *Kianpour v. Restaurant Zone, Inc.*, No. DKC-11-0802, 2011 WL 5375082, at *3–*5 (D. Md. Nov. 4, 2011) ("[I]t would make little sense to require the amount of the fees awarded to be reasonable where the plaintiffs prevail on the merits, but to abandon that requirement altogether where the parties agree to settle the case."); *see also Amrhein v. Regency Mgmt. Serv., LLC*, 2013 WL 1809608, at *1 (D. Md. May 6, 2014); *Saman,* 2013 WL 2949047, at *6–*7; *accord Grissom v. The Mills Corp.*, 549 F.3d 313, 322–23 (4th. Cir. 2008). The Court typically assesses the reasonableness of attorneys' fees by the lodestar method, which is the "reasonable hourly rate multiplied by hours reasonably expended." *Johnson*, 2017 WL 2266768, at *4 (quoting *Grissom*, 549 F.3d at 320). The Court also considers the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir. 1978)

The parties seek $10,000 in attorney's fees and costs. ECF Nos. 20 & 22. This sum was calculated after "several rounds of discussion regarding the reasonableness of the fees," during

3

which Simpson's counsel determined through its records that the maximum fee award for Simpson's claim was $20,710, which defense counsel vigorously disputed. *See* ECF No. 22. "Ultimately, with full recognition of the fact that a range of outcomes could be considered 'reasonable,' " the parties agreed that $10,000 was an appropriate payment. *Id.* The Court agrees.

Here, the parties calculated the proposed fee based on the "number of hours reasonably expended," after extended negotiations, and then multiplied these hours by the rates customarily charged by Plaintiff's firm. ECF Nos. 22, 22-1, 22-2. The fees charged by Plaintiff's firm are "in line with . . . established rates that [this Court has] deemed reasonable for lodestar calculations." *Johnson*, 2017 WL 2266768, at *4; *compare* Loc. R. 1(c), Appendix B *with* ECF Nos. 22-1 & 22-2.

As to the remaining factors, this case is in its early stages and presents relatively simple issues regarding employee classification under the FLSA, a legal issue in which the parties' counsel is well-versed. ECF No. 22. Further, "there is nothing remarkable or unique about the allegations in Mr. Simpson's case that would mandate a different amount of time spent on the representation." *Id.* Finally, and importantly, the Offer of Judgment fully compensates Simpson for recoverable damages. *See* ECF Nos. 21 & 22. Accordingly, an award of $10,000 in fees and costs to Simpson's counsel is appropriate.

### III. CONCLUSION

Based on the foregoing, it is this 8th day of May, 2018, by the United States District Court for the District of Maryland, ORDERED:

1. The Joint Motion for Judgment for Plaintiff CODY SIMPSON, ECF No. 20, is GRANTED;

2. Judgment is entered for CODY SIMPSON against PURE TECHNOLOGIES U.S., INC., in the amounts of $13,966.32 in wages, $13,966.32 in liquidated damages, and $10,000.00 in attorneys' fees and costs; and

3. The Clerk SHALL TRANSMIT copies of this Order to the parties.

| | |
|---|---|
| _05/8/2018_ | _/s/_ |
| Date | Paula Xinis |
| | United States District Judge |