IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICHOLAS REDDING, *et al.*,      *

    Plaintiffs,      *

v.      *      Civil Action No. PX-17-2532

PURE TECHNOLOGIES U.S., INC.,      *

    Defendant.

******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this wage payment action is Plaintiff Nicholas Redding and Brian Miles' Motion for Conditional Certification to Facilitate Identification and Notice to Similarly Situated Employees. ECF No. 11. Plaintiffs, on behalf of themselves and all others similarly situated, have brought this action alleging that Defendant Pure Technologies U.S., Inc., violated 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and analogous Maryland law. The matter has been fully briefed, and limited discovery was ordered. For the reasons discussed below, Plaintiffs' Motion is GRANTED.

**I.    BACKGROUND**

Pure Technologies U.S., Inc. (hereinafter, "Pure Technologies" or "Defendant") is an engineering and technology company specializing in the inspection and monitoring of physical infrastructure, including pipelines. *See* ECF No. 1 ¶¶ 32-33. Plaintiffs Nicholas Redding and Brian Miles (hereinafter, "Redding" and "Miles," respectively, and "Plaintiffs," collectively) were full-time employees of Pure Technologies, receiving a set salary. ECF No. 1 at ¶ 65. While the job titles of the Plaintiffs, and other similarly situated employees, differed — including positions for field technicians, field operators, field engineers, and project engineer`s

1

(collectively "field personnel") — their work duties were essentially identical, requiring them to perform manual labor for infrastructure tests with little or no discretion in the planning, execution, and assessment of test results. ECF No. 1 at ¶¶ 36-39, 41-46, 50-54, 62. Pure Technologies' understaffing also required field personnel to work well over 40 hours per week, "doing whatever the task need[ed] to get done." ECF No. 1 at ¶¶ 49, 76; ECF No. 18-1 at 42:8-9.

To avoid making overtime payments, Plaintiffs claim that Pure Technologies deliberately misclassified field personnel as salaried employees. ECF No. 1 at ¶ 84. Further, Plaintiffs allege that after Pure Technologies re-classified field personnel as hourly workers receiving overtime wages, the company refused to retroactively compensate field personnel. ECF No. 1 at ¶ 85.

Plaintiffs moved for conditional class certification on October 30, 2017, ECF No. 11, which Pure Technologies timely opposed, ECF No. 18. The Court ordered limited discovery as to whether Plaintiffs' employment was "similarly situated" such that it satisfied the Fair Labor Standards Act (FLSA) standard for conditional class certification. ECF No. 15. The parties then deposed the named Plaintiffs, Miles and Redding. *See generally* ECF No. 18. Each testified as to his individual work experiences, duties, and responsibilities, as well as the general duties and responsibilities of other Pure Technology employees, most notably the uniformity of job tasks and payment scheme for the four categories of field personnel. ECF No. 18. For the reasons stated below, the Court grants the Plaintiffs' motion to conditionally certify the class and orders court-authorized notice to potential class members.

II.     **STANDARD OF REVIEW**

Section 216(b) of the FLSA provides for an "opt-in" mechanism for collective actions "whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party

2

to the suit." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008). In this initial stage, the Court must determine whether Plaintiffs have demonstrated that potential class members are similarly situated such that court-facilitated notice to the putative class members would be appropriate. If the Court answers in the affirmative, then the class is conditionally certified and dissemination of notice to potential class members occurs. At the second stage, following full discovery, the Court determines whether the class indeed is "similarly situated" under section 216 of the FLSA, and renders a "final decision regarding the propriety of proceeding as a collective action." *Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 886 (D. Md. 2011) (quoting *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007)). Notably, Plaintiffs' burden at the conditional certification stage is minimal. Plaintiffs need not demonstrate that they are "identical" but rather sufficiently similar in that they were "victims of a common policy, scheme, or plan that violated the law," namely the FLSA. *Butler v. DirectSTAT USA, LLC*, 876 F. Supp. 2d 560, 566 (D. Md. 2012).

### III. DISCUSSION

#### A. Conditional Certification

Plaintiffs seek to conditionally certify a class that includes "any and all full-time field technicians, field operators, field engineers[,] and project engineers that were paid a salary between September 1, 2014[,] through the present." ECF No. 11-1 at 10. Plaintiffs principally argue that although Pure Technologies employees' job titles differed, their job responsibilities, work tasks and manner in which they were paid are all strikingly uniform. ECF No. 11-1 at 8. Accordingly, Plaintiffs assert that for purposes of this action, Pure Technologies' field technicians, field operators, field engineers, and project engineers, classified as "field personnel," performed essentially the same labor on a given job site: running tests on infrastructure and

3

pipelines by physically entering pipelines, hauling and setting up equipment, taking and entering data, and using Pure Technologies' equipment. ECF No. 11-4 at ¶¶ 6–7; ECF No. 11-5 at ¶¶ 6–7; ECF No. 18-1 at 39–42; ECF No. 18-2 at 15–17. Further, Redding and Miles attest that field personnel maintained no discretion over their job duties but rather reported to higher ranking supervisors, and followed a common set of established uniform procedures and protocols. ECF No. 11-1 at 8-9; ECF No. 11-4 at ¶¶ 8-10; ECF No. 11-5 at ¶¶ 8-10. Pure Technologies implemented a unified compensation structure. All field personnel were paid a yearly salary without any additional overtime wages, even though Pure Technologies regularly required field personnel to work over 40 hours per week. ECF No. 1 at ¶¶ 65, 74, 82; ECF No. 11-1 at 9; ECF No. 11-4 at ¶ 5; ECF No. 11-15 at ¶ 5. Pure Technologies thereafter re-classified field personnel as hourly wage workers in November 2016 entitled thereafter to overtime pay, but only provided three-months backpay for overtime hours worked. ECF No. 1 at ¶ 66, 85; ECF No. 18-2 at 2–6.

Pure Technologies, in contrast, directs the Court to the declaration of its Vice President, Adam Villard, and the differences in Plaintiffs' job descriptions to argue that Plaintiffs are not similarly situated for conditional certification purposes. *See* ECF No. 18-3. Pure Technologies also claims that "manageability concerns," further makes this case ill-suited for certification. ECF No. 18-3 at 21.

The Court disagrees with Pure Technologies. The record evidence supports that Plaintiffs have met the minimal threshold for conditional certification at this stage. Plaintiffs testified that all field personnel performed the same manual labor, and all projects, budgets, and duties were directed by supervisors. ECF No. 18-1 at 67:1–10; ECF No. 19-1 and No. 19-2. Further, Miles and Redding testified with specificity that, contrary to the "job descriptions" presented by Pure Technologies, no meaningful distinction existed among field positions. None

had direct contact with clients. None drafted reports or had any discretion in their content or presentation. Rather, all field personnel simply inputted data into Pure Technologies' software, clicked "finish," and the software automatically completed all technical work. ECF Nos. 19-1 and 19-2. Field personnel were also subject to a common payment scheme. Such facts satisfy the lenient standards of conditional certification.[1]

In this regard, Pure Technologies' reliance on *Andrade v. Aerotek*, Civ. No CCB-08-2668, 2009 WL 2757099 (D. Md. Aug. 26, 2009) is misplaced. There, the proposed class consisted of recruiters whose job tasks varied widely, as did their responsibilities. Unlike in this case, the *Andrade* plaintiffs' testimony proved that the class-wide differences eclipsed any similarities. Thus, the Court, in its discretion, declined to certify the class.

Similarly in *Syrja v. Westat*, 756 F. Supp.2d 682 (D. Md. 2010), the Court declined to certify the class because the individualized determinations as to number of hours worked and tasks performed would require "substantial individualized determinations" for each class member. *Id.* at 686 (internal citations and quotation marks omitted). On the particular facts of *Syrja*, the Court determined that certification was particularly inappropriate. By contrast, Miles and Redding's testimony confirms that field personnel performed the same tasks in the same way with the same lack of discretion regardless of title. The Court is satisfied that they have met the modest evidentiary burden necessary for conditional certification. Plaintiffs' motion is GRANTED.

---

[1] The Court observes that because the Court permitted limited discovery, Defendant seems to believe that the Plaintiffs' legal showing becomes more demanding. ECF No. 18 at 7-8. Defendant's position is not legally viable. "Courts in this district have long emphasized the modest showing required for plaintiffs to obtain conditional certification," and "when the parties have engaged in only limited discovery, it is premature to conclude that the evidence is representative of what the plaintiffs would present given further discovery." *Butler*, 876 F. Supp. 2d at 566–67 (D. Md. 2012) (quoting *Essame v. SSC Laurel Operating Co., LLC*, 847 F. Supp. 2d 821, 827 (D. Md. 2012) (internal quotes omitted).

**B. Notice**

Plaintiffs' motion proposes that within seven (7) days after the Court's grant of conditional class certification, the parties present a joint plan as to the notice terms and opt-in format. ECF No. 11-1 at 11. Further, Plaintiffs request the Court order Pure Technologies to produce a list of all workers who could opt-in to the class, and those workers' last known mailing addresses, phone numbers, and email addresses within ten (10) days of the entry of this Opinion and Order. ECF No. 11-1 at 12. During the June 21, 2018 motion's hearing, both parties agreed to meet and discuss terms of notice, as well as the scope of the class. The parties agreed to inform the Court through proper filings of their decisions no later than July 13, 2018.

**IV. CONCLUSION**

For the reasons stated in this Memorandum Opinion, it is this 21st day of June, 2018, ORDERED by the United States District Court for the District of Maryland:

1. The Motion for Conditional Certification to Facilitate Identification and Notice to Similarly Situated Employees filed by Plaintiffs Nicholas Redding and Brian Miles (ECF No. 11) BE, and the same hereby IS, GRANTED;

2. The parties shall submit a joint proposal for the contents and means of court-authorized notice in this case, or make other procedural motions, no later than July 13, 2018;

3. The Clerk is directed to transmit copies of this this Memorandum Opinion and Order to the parties.

| 6/21/2018 | /s/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |